**COVINGTON**

BEIJING   BOSTON   BRUSSELS   DUBAI   FRANKFURT
JOHANNESBURG   LONDON   LOS ANGELES   NEW YORK
PALO ALTO   SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Amanda Kramer

Covington & Burling LLP
30 Hudson Yards
New York, NY 10001-2170
T +1 212 841 1223
akramer@cov.com

**Via ECF**                                                                                           January 7, 2026

Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:  *United States* v. *Robert Sensi*, 25 Cr. 663 (PGG)

Dear Judge Gardephe:

      Robert Sensi, through Counsel, respectfully submits this letter in reply to the Government's January 5, 2026 letter in opposition to Mr. Sensi's motion for release, and in further support of Mr. Sensi's December 27, 2025 motion for release on bail.  (*See* Dec. 27, 2025 Kramer Ltr. (Dkt. No. 21); Jan. 5, 2026 Gov't Ltr. (Dkt. No. 24 ("Opp."))).  The Pretrial Services Office recommended Mr. Sensi's release, and for good reason.  As detailed below, there is more than sufficient evidence not only to satisfy Mr. Sensi's limited burden of production and rebut the presumption of detention, but also to foreclose the Government's ability to establish by clear and convincing evidence that Mr. Sensi would pose a danger to the community or risk of flight while subjected to conditions of release as recommended by the Pretrial Services Office.  The proposed bail package constitutes the "least restrictive . . . combination of conditions" that will "reasonably assure" Mr. Sensi's appearance and the safety of the community.  Mr. Sensi respectfully requests that the Court grant his release pursuant to those conditions.

**I.**      **Mr. Sensi Does Not Present a Danger to the Community.**

      "[A] defendant's detention based on dangerousness accords with due process only insofar as the district court determines that the defendant's history, characteristics, and the alleged criminal conduct make clear that he or she poses a concrete, *prospective* threat to public safety."  *United States* v. *Munchel*, 991 F.3d 1273, 1280 (D.C. Cir. 2021) (emphasis added); *see also United States* v. *Mattis*, 963 F.3d 285, 292 (2d Cir. 2020) (noting that the district court must determine "whether the conditions of release are adequate to ensure the defendants will not flee and do not constitute a *continuing* threat to the community" (emphasis added)).  Even where there is a presumption of detention, "the government continue[s] to have the burden to prove by clear and convincing evidence" that the defendant poses a danger that cannot be reasonably mitigated by conditions of release.  *United States* v. *Chimurenga*, 760 F.2d 400, 405 (2d Cir. 1985).  The Government cannot meet its burden.

      Mr. Sensi's history and characteristics support release.  As the Government concedes, Mr. Sensi has no history of violent conduct and does not own any weapons.  (*See* Opp. at 5).

COVINGTON

Page 2

These undisputed facts constitute sufficient evidence to satisfy Mr. Sensi's "limited burden of production" with respect to dangerousness. *United States* v. *English*, 629 F.3d 311, 319 (2d Cir. 2011). They also mitigate concerns about dangerousness predicated on the seriousness of the offense, thereby favoring release on bail. *See, e.g.*, *Mattis*, 963 F.3d at 293 (affirming defendant's release on bail package including home detention notwithstanding presumption of detention and allegations regarding defendant's involvement in an incident involving the throwing of a Molotov cocktail); *United States* v. *McDuffie*, 451 F. Supp. 3d 281, 285 (S.D.N.Y. 2020) (granting bail for defendant accused of narcotics distribution in part because he had "no known history of violence (despite the possession of many dangerous weapons)"). "[T]he gravity of an offense is not the only factor to be considered by the district court in deciding whether the conditions of release are adequate to ensure the defendant[] . . . do[es] not constitute a continuing threat to the community." *Mattis*, 963 F.3d at 292.

The Government relies primarily on conduct alleged in the Indictment to argue that Mr. Sensi presents a risk of danger. (*See* Opp. 3–5). But the alleged conduct does not demonstrate a risk of dangerousness that cannot be reasonably addressed by strict conditions of release. *First*, the charged conduct is alleged to have consisted principally of money laundering committed through cell phone communications and in-person meetings. Mr. Sensi is alleged to have picked up cash from CS-1 on three occasions, which was then converted to cryptocurrency. The principal alleged conduct does not present a risk of ongoing dangerousness. Notably, the Government has proffered no evidence that Mr. Sensi would be likely to engage in similar acts upon release, where his physical location and devices would be closely monitored.

*Second*, the Government also does not dispute that Mr. Sensi had no actual interactions with any members of the Jalisco New Generation Cartel a/k/a Cartel de Jalisco Nueva Generación ("CJNG"), and that his interactions were only with "a confidential source posing as a member of CJNG ("CS-1")." (Opp. at 3). Nor is it alleged to have any present connections to CJNG. The Government does not allege that any weapons transaction took place, nor does the Indictment charge Mr. Sensi with a weapons conspiracy, despite CS-1's apparent months-long effort to steer the discussion towards a weapons deal. According to the Indictment, the defendants are alleged only to have "agreed to *explore* procuring" weapons. (Indictment ¶ 7 (emphasis added)). The limited alleged communications about weapons from July 2025 cited by the Government, with no explicit agreement or realized transaction months after a year-long undercover operation, call into question the strength of the Government's evidence and the dangerousness of the charged conduct. Taken together, the relevant factors weigh in favor of a finding that Mr. Sensi does not pose a danger to the community, and certainly not one that couldn't be addressed by strict terms of release. *See Mattis*, 963 F.3d at 295 (affirming district court's finding that defendants did not present a risk of danger, in part due to there being "no indication that the defendants are likely to engage in similar acts outside the context of [a] particular night"); *Chimurenga*, 760 F.2d at 402 (affirming district court's finding that defendant did not present a risk of danger as it was "unlikely that [defendant] would engage in further violent activity in light of law enforcement agents' discovery of the group's plans").

*Third*, and finally, modifications to the bail package reasonably address the Government's broader concerns that Mr. Sensi presents a risk of danger in light of his alleged outreach to a "network of international resources" when presented with the requests of CS-1. (Opp. at 1). In particular, Mr. Sensi is willing to submit to searches by Pre-Trial Services and

COVINGTON

Page 3

monitoring of his electronic communications, and to stipulate to a list of approved individuals with whom Mr. Sensi may have contact while released on bail.  These conditions would preclude Mr. Sensi from any potential contact with this alleged network, and have been found by other courts to constitute the least restrictive means necessary that reasonably assure the safety of the community, even in cases involving serious offenses akin to or even more violent than those set forth in the Indictment.[1]  *See, e.g.*, *United States* v. *Esposito*, 309 F. Supp. 3d 24, 31 (S.D.N.Y. 2018) (granting bail package including home incarceration and restrictions on devices and visitors, and "find[ing] that the danger [defendant] poses to the community can be reasonably mitigated by conditions of release that will effectively cut him off from his alleged criminal associates and take away his ability to orchestrate criminal activities"); *United States* v. *Paulino*, 335 F. Supp. 3d 600, 604, 615 (S.D.N.Y. 2018) (granting bail package including home incarceration for alleged Trinitarios member accused of assault with a deadly weapon in aid of racketeering); *United States* v. *Fox*, 602 F. Supp. 3d 434, 440, 445 (W.D.N.Y. 2022) (granting bail with home detention where defendant accused of "serious drug, weapon, and sex-trafficking offenses" would live with his father).

## II.     Mr. Sensi Does Not Pose a Risk of Flight.

Mr. Sensi's prior conduct demonstrates that he presents no risk of flight.  In 1994, Mr. Sensi was charged in a white collar case in the Eastern District of Oklahoma and released on bail.  *See United States* v. *Philips,* et al., No. 94 Cr. 83, Dkt. No. 2 (W.D. Okla. Sept. 26, 1994).  The docket, which is attached as Exhibit A, demonstrates compliance with the terms of his release.  *Id.*  There, as here, Mr. Sensi did not reside in the district where he was charged, and he appeared as required.  *Id.*  Courts have found such a "prior record of appearing in court as required when released prior to trial [to be] a factor in favor of [a defendant's] release" in subsequent cases.  *United States* v. *Himler*, 797 F.2d 156, 162 (3d Cir. 1986).

Additionally, Mr. Sensi has established meaningful ties to South Florida, and his release on home confinement to live with his son, Stefano Sensi, is consistent with the plan for Mr. Sensi's care that existed prior to his arrest.[2]  Stefano is personally invested in Mr. Sensi's care and wellbeing, and plans to travel from Florida to attend Mr. Sensi's bail hearing and answer any questions regarding the apartment and planned living arrangements.  The proposed bail package includes Stefano co-signing a personal recognizance bond and offering his business and interest in a separate home as collateral.  These considerations not only incentivize Mr. Sensi's compliance with the conditions of his release, but also Stefano's close supervision of Mr. Sensi upon release.  *Cf. United States* v. *Say*, 233 F. Supp. 2d 221, 226 (D. Mass. 2002) (finding no flight risk where defendant's father acted as his "third-party custodian").

While the Government raises concerns about Mr. Sensi's international ties and his domestic travel prior to his arrest, such issues can be addressed with less restrictive conditions than detention.  Mr. Sensi's passport is already in the Government's custody, precluding him

---

[1] Nor would it be appropriate to make a dangerousness determination upon "a finding that [defendant] [would be] unlikely to abide by release conditions to detain [him], because that factor is applicable only to revocation of pretrial release."  *United States* v. *Munchel*, 991 F.3d 1273, 1280 (D.C. Cir. 2021).

[2] Counsel understands that Mr. Sensi and Stefano's original plan was for Ms. Sosa, who is presently outside the U.S., to also live in the apartment.

COVINGTON

Page 4

from international travel, especially when combined with the conditions of home confinement and electronic monitoring that would also deter unauthorized domestic travel. Additionally, the proposed restrictions on devices and individuals with whom Mr. Sensi could have contact would isolate him from any alleged international network, as noted above. Courts have found comparable bail packages sufficient to reasonably ensure a defendant's appearance, even where individuals had stronger international ties and abilities to travel than Mr. Sensi. *See e.g.*, *United States* v. *Hanson*, 613 F. Supp. 2d 85, 87, 88–91 (D.D.C. 2009) (finding that GPS monitoring mitigated flight risk for a defendant accused of exporting dual-use drone equipment to China, despite extensive family, property, and financial ties to China, dual passports, and the resources to flee); *United States* v. *Karni*, 298 F. Supp. 2d 129, 130, 132–33 (D.D.C. 2004) (finding similar bail package mitigated flight risk notwithstanding defendant's alleged export of "products . . . capable of triggering nuclear weapons" to Pakistan, and defendant having "no ties to the United States"). The proposed conditions, plus any additional conditions the Court may deem appropriate, functionally place Mr. Sensi in a similar position to the one in which he is currently situated and reasonably assure Mr. Sensi's appearance in Court.

Finally, Mr. Sensi strongly disputes the Government's suggestion that his confinement at Carewell demonstrates "that the system is working as intended and Sensi is receiving the necessary care while incarcerated." (Opp. at 8). Counsel understands that Mr. Sensi spends the overwhelming majority of his day restrained to a hospital bed, unable to stand on his feet or walk around on his own. He generally has been permitted to walk up and down the hall for roughly 15 minutes while restrained by handcuffs, and do exercises with a physical therapist for approximately 30 minutes, roughly five times a week; he is not permitted to go outside. The Government does not dispute Mr. Sensi's restraint conditions and instead notes only the possibility of medically necessary exceptions for physical, occupational, and other therapy. (*See* Opp. at 8). Counsel understands that these exceptions have been extremely limited, as noted above, and that a guard denied the request of Mr. Sensi's nurse practitioner to change his ankle restrains from metal to plastic. Simply put, the circumstances of this prolonged, confined bedrest will increase Mr. Sensi's risk of falling and exacerbate his comorbidities. *See* American Academy of Nursing, Expert Panel on Acute and Critical Care, *Reducing Functional Decline in Older Adults During Hospitalization*, HARTFORD INST. FOR GERIATRIC NURSING, N.Y.U. RORY MEYERS COLL. OF NURSING (2019), https://hign.org/sites/default/files/2020-06/Try_This_General_Assessment_31.pdf (reporting that "[l]oss of walking and activity independence increases hospital length of stay, the need for rehabilitation services, new nursing home placement, risk for falls both during and after discharge from the hospital, and places higher demands on caregivers and increases the risk of death for older adults").

This evidence, taken together, is more than sufficient to satisfy Mr. Sensi's "limited burden of production" with respect to risk of flight. *English*, 629 F.3d at 319. This evidence, combined with the conditions set forth in the bail package, further precludes the Government from meeting its "dual burden" to establish both that Mr. Sensi "if released, presents an actual risk of flight" *and* that "no condition or combination of conditions could be imposed on the defendant that would reasonably assure his presence in court." *United States* v. *Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007). Put differently, even accepting that some risk of flight may exist, the Bail Reform Act "require[s] that [] conditions imposed to prevent flight must be the 'least restrictive' necessary," *United States* v. *Dreier*, 596 F. Supp. 2d 831, 834 (S.D.N.Y. 2009) (citing 18 U.S.C. § 3142(c)), rather than sufficiently restrictive to foreclose all possibility of flight, *see United States* v. *Awadallah*, 173 F. Supp. 2d 186, 190 n.13 (S.D.N.Y. 2001) (observing that

COVINGTON

Page 5

"[t]law requires reasonable assurance but does not demand absolute certainty, which would be only a disguised way of compelling commitment in advance of judgment"). The proposed bail package, and any further conditions the Court may deem necessary, constitutes the least restrictive option that will preserve Mr. Sensi's health and reasonably assure his appearance in Court.

      For the foregoing reasons, incorporating those set forth in Mr. Sensi's December 27, 2025, Mr. Sensi respectfully requests that the Court grant his motion for release from custody pursuant to the proposed bail package.

      Respectfully submitted,

                                             /s/ Amanda Kramer
                                             Amanda Kramer
                                             Nicholas Mendez
                                             Megan Mers
                                             Adira Levine
                                             Eitan Ezra (*Law Clerk, Bar Admission Pending*)

CC: All counsel of record via ECF

# EXHIBIT A

Case Number or Last, First

| | 116 Docket Entries for Case 5:94-cr-00083-L-2 |
|---|---|
| 6 | *06/07/1994* COURTROOM MINUTES: PRELIMINARY/DETENTION HRG before Magistrate Judge Bana Blasdel; dft appears in custody of USM w/Ct Apptd Cnsl Jerome Kearney, AFPD; ptys announce ready; plf intro evid w/testimony of 1 witness & rests; dft proffers evid & rests; Ct finds probable cause that an offense has been committed & that the dft committed it; dft is held for further proceedings in Dist Ct; dft detained pending trial; Detention Order to be entered [ 5:94-m -141 ] (kab) |
| 9 | *06/10/1994* ORDER FOR DISCOVERY AND INSPECTION IN CRIMINAL CASES by Honorable Timothy D. Leonard (cc: all counsel) (hm) |
| 13 | *07/01/1994* RESTRAINING ORDER by Honorable Timothy D. Leonard re mtn of plf to restrain assets and property of dft and that seizure warrants shall issue for those assets listed [10-1] (cc: all counsel) (hm) |
| 16 | *07/07/1994* ORDER by Honorable Timothy D. Leonard granting plf's motion to continue trial [14-1] jury trial continued to August 1994 (cc: all counsel) (hm) |
| 21 | *07/27/1994* ENTER ORDER by Honorable Timothy D. Leonard hearing on pending motions on Friday, 7/29/94 at 9:30am (cc: all counsel) (hm) |
| 22 | *07/29/1994* HRG ON GOVT'S MTN FOR LV TO TAKE FOREIGN DEPOS & MTN TO CON'T TRIAL COURTROOM MINUTES: before Honorable Timothy D. Leonard; Hrg called; dft apprs in cust of USM; cnsl appr as noted; govt to submit addtl info in the form of an afdt forthwith; cts ruling deferred on both mtns until receipt of that info re [18-1], re [17-1] (cc: all counsel) (hm) |
| 23 | *08/02/1994* IN CAMERA FILING OF GOVT'S SUBMISSION OF AFFIDAVIT and request for mutual assistance request by plaintiff USA re [22-1] (SEALED) (hm) |
| 24 | *08/05/1994* RETURN OF SERVICE of seizure warrant executed 7/5/94 on 1989 Toyota Supra (hm) |
| 25 | *08/05/1994* RETURN OF SERVICE of seizure warrant unexecuted (hm) |
| 26 | *08/05/1994* ORDER by Honorable Timothy D. Leonard granting plf's motion for leave to take foreign depositions [17-1] (cc: all counsel) (hm) |
| 27 | *08/05/1994* ORDER by Honorable Timothy D. Leonard granting plf's motion to continue trial, but not to exceed one year; that a hrg to review dft's possible conditions of release pursuant to 18 USC 3164 is to be set within 45 days of the date of this order [18-1] (cc: all counsel) (hm) |
| 1 | *09/01/1994* COMPLAINT by USA James F Robinson by Magistrate Judge Doyle W. Argo (FE) |
| | *09/01/1994* WARRANT issued for Robert M Sensi by Magistrate Judge Doyle W. Argo (FE) |
| 2 | *09/26/1994* FAX Copies of RULE 40 Documents from ED/Virginia as to Robert M Sensi including: 9-16 hrg minute, CJA20, Removal-Identity-Detention Hrg minute, Letter transmitting case file to WD/OK, Order of Temporary Detention Pending Hrg, Order Setting Conditions of Release, Appearance Bond, ED/VA Receipt No. 23641, Notice of Surrendered Passport, Transmittal FAX cover sheet (FE) |
| 3 | *09/27/1994* APPEARANCE of Attorney for Robert M Sensi by William C Devinney and Richard W Anderson (FE) |

| | |
|---|---|
| | *09/27/1994* DEFENDANT Robert M Sensi arrested 9/27/94 (FE) |
| 6 | *09/30/1994* WARRANT returned executed as to Robert M Sensi 9/27/94 (FE) |
| 7 | *10/03/1994* RULE 40 Documents received from ED/VA as to Robert M Sensi including: Ltr sending cs file; Cert Cpy of Ntc of Surrendered Passport, Cert Cpy of Rcpt No. 23641, Cert Cpy of Appearance Bond, Cert Cpy of Ord Setting Cond of Release, Cert Cpy of Ord of Temp Dtn Pending Hrg, Cpy of Recording Log, Cert Cpy of CJA20, Cpy of Hrg Minute, Cpy of Dkt Sheet (FE) |
| | *10/05/1994* SUPERSEDING indictment Peter I Philips (1) count(s) 1s, 2s, 3s-9s, Robert M Sensi (2) count(s) 1, 2, 5, 7-9, Prince Mingi XII Cookey (3) count(s) 1, Alhaji Usman Tukur (4) count(s) 1, A Mohammed Rasheed (5) count(s) 1, 2, C Odibo (6) count(s) 1, Johnny Philips Okipiri (7) count(s) 1, 2, 3-5, 7-9 & CRIMINAL FORFEITURE (hm) |
| | *10/06/1994* WARRANT issued for Peter I Philips, Robert M Sensi, Prince Mingi XII Cookey, Alhaji Usman Tukur, A Mohammed Rasheed, C Odibo, Johnny Philips Okipiri (hm) |
| 29 | *10/06/1994* ORDER by Honorable Timothy D. Leonard granting dft Peter I. Phlips' motion for hearing to review release conditions on 10/14/94 at 9:15 [28-1] (cc: all counsel) (hm) |
| | *10/11/1994* DEFENDANT Robert M Sensi arrested (hm) |
| 31 | *10/11/1994* ARRAIGNMENT COURTROOM MINUTES: before Magistrate Judge Ronald L. Howland dft Robert M Sensi arraigned; not guilty plea entered; dft apprs in person with Richard Anderson, plf's cnsl Jim Robinson, AUSA; dft provided with copy of superseding indictment and is fully advised by the plf's stmt of the substance of the counts; any documents exchanged pursutant to reciprocal memorandum of discovery will be accomplished on or before 10/19/94; USPO Cynthia Cranford; release conditions continued per release order including financial conditions previously set in ED/Virginia by agreement , pretrial motions 10/25/94, responses 11/14/94 , (cc: all counsel) (hm) |
| 32 | *10/14/1994* BOND REVIEW HEARING COURTROOM MINUTES: before Honorable Timothy D. Leonard; cause comes on for hrng as above stated and ptys appr dft Peter I. Philips with Jerome Kearney, plf's cnsl Jim Robinson; after hrg test and introduction and admitting gov exh 1-3 and dfts exh 3 the ct finds that dfts appl to review bond is hereby denied and the dft is remanded to the custody of the USM pndg trial; ct advised cnsl that it will review this case in 60 days which is 12/14/94 (cc: all counsel) (hm) |
| 34 | *10/14/1994* WARRANT returned unexecuted for Robert M Sensi (hm) |
| 35 | *10/21/1994* ORDER by Honorable Timothy D. Leonard detention hearing 12/14/94 at 9:00am (cc: all counsel) (hm) |
| 38 | *11/23/1994* ORDER by Honorable Timothy D. Leonard granting dft Peter I. Philips' motion for assessment of costs [36-1] (cc: all counsel) (hm) |
| 39 | *12/08/1994* ENTER ORDER by Honorable Timothy D. Leonard detention hearing 12/19/94 at 9:30am for dfts Peter Phillips and Robert Sensi (cc: all counsel) (hm) |
| 40 | *12/14/1994* APPLICATION for leave to be excused from 12/19/94 hearing by Robert M Sensi (brs) |
| 41 | *12/15/1994* ORDER by Honorable Timothy D. Leonard granting motion for leave to be excused from 12/19/94 hearing [40-1] The Court being advised the premises finds that Mr. Sensi's cnsl should be present and further finds that presence of the Dft Robert Sensi is not necessary for purpose of this hrg (cc: all counsel) (brs) |
| 42 | *12/19/1994* STATUS HEARING COURTROOM MINUTES: before Honorable Timothy D. Leonard Cause comes on for hrg as above stated. Ptys appear as aboved, dft Peter Phillips also appears. Stmts are made as to the status of the case. Ct advises the Gov, after they have their meeting w/the Nigerian Gov, he is to |

|    | |
|----|--|
|    | one for them. Dft Phillips is to remain under the previous detention order entered by this Ct (cc: all counsel) (brs) |
| 43 | *12/19/1994* MINUTE ORDER by Honorable Timothy D. Leonard that the parties are directed to advise the court regarding the availability of all dfts for trial and/or whether the case should proceed against fewer than all dfts. The parties should also submit a proposed agreed trial date for this case (cc: all counsel) (brs) |
| 44 | *01/24/1995* ENTER ORDER by Honorable Timothy D. Leonard status conference Friday, 1/27/95 at 10:00am (cc: all counsel) (hm) |
| 45 | *01/27/1995* STATUS HEARING COURTROOM MINUTES: before Honorable Timothy D. Leonard; cause comes on for hrg as above stated; ptys appr as above stated; dft Peter Philips apprs in person; dft Robert Sensi is represented by his atty Richard Anderson; by agreement of all ptys ct sets this case for jury trial on 4/10/95 status hearing held jury trial April 10, 1995 (cc: all counsel) (hm) |
| 46 | *02/09/1995* MEMORANDUM to Issue 30 trial Subpoenas by USA (hm) |
| 47 | *02/15/1995* MOTION for temporary modification of conditions of release by Robert M Sensi (hm) |
| 49 | *02/16/1995* MTN FOR TEMP MODIFICATION OF CONDITIONS OF RELEASE COURTROOM MINUTES: before Honorable Timothy D. Leonard; Ptys appear as above stated with the dft Sensi appearing only through his atty; arguments hrd; it is the order of the court that dfts mtn be and is hereby denied [47-1] (cc: all counsel) (hm) |
| 48 | *02/22/1995* MOTION to reconsider dft's request for temporary modification of conditions of release by Robert M Sensi (hm) |
| 50 | *02/22/1995* SEALED document (IN VAULT) by plaintiff USA (hm) |
| 51 | *02/22/1995* SEALED document (IN VAULT) by plaintiff USA (hm) |
| 52 | *02/23/1995* MTN TO RECONSIDER DFT'S REQ FOR TEMP MOD OF CONDITIONS OF RELEASE COURTROOM MINUTES: before Honorable Timothy D. Leonard; ptys apprs as stated with the dft Sensi appr only through his atty Richard Anderson, plf's cnsl Jim Robinson; test of one witness hrd; arguments hrd; it is the order of the court that dft Sensi's mtn be and is hereby denied [48-1] (cc: all counsel) (hm) |
| 53 | *03/01/1995* MOTION for order to use video taped depositions by USA (hm) |
| 54 | *03/20/1995* ORDER by Honorable Timothy D. Leonard granting plf's motion for order to use video taped depositions [53-1] (cc: all counsel) (hm) |
| 55 | *03/27/1995* NOTICE by plaintiff USA To Dfts To Introduce Evidence of Similar & Other Acts (kh) |
| 56 | *03/27/1995* IN CAMERA MOTION in limine re disc & inspection by USA as to Peter I Philips, Robert M Sensi, Prince Mingi XII Cookey, Alhaji Usman Tukur, A Mohammed Rasheed, C Odibo, Johnny Philips Okipiri (SEALED) (kh) |
|    | *04/05/1995* SUPERSEDING Information naming Robert M Sensi (2) count(s) 1s (hm) |
| 57 | *04/06/1995* ENTER ORDER by Honorable Timothy D. Leonard sentencing hearing Friday, 4/7/95 at 9:30am as to dft Peter Philips (cc: all counsel) (hm) |
| 58 | *04/06/1995* ENTER ORDER by Honorable Timothy D. Leonard sentencing hearing Friday, 4/7/95 at 1:30pm as to dft Robert M. Sensi (cc: all counsel) (hm) |
| 59 | *04/06/1995* APPEARANCE of Attorney for USA by Nicole M Healy (hm) |

| | |
|---|---|
| | 9:30am for dft Peter Philips (cc: all counsel) (hm) |
| 61 | *04/06/1995* AMENDED ENTER ORDER by Honorable Timothy D. Leonard , change of plea Friday, 4/7/95 at 1:30pm as to dft Robert M. Sensi (cc: all counsel) (hm) |
| 66 | *04/07/1995* CHANGE OF PLEA COURTROOM MINUTES: before Honorable Timothy D. Leonard dft Robert Sensi apprs in person with ct apptd cnsl Richard Anderson, plf's cnsl Jim Robinson, AUSA; dft is fully apprized; waives indictment; waives jury; Robert M Sensi enters guilty plea to one of a one count superseding information; indictment to be dismissed at time of sentencing; plea accepted and referred to probation officer; stand on present bond; ct denies dft's oral req to lift dft's travel instruction & denies dft's req to get his passport back, therefore dft's conditions of release are not to be modified in anyway , change of plea held (cc: all counsel) (hm) |
| 67 | *04/07/1995* PETITION to Enter Plea of Guilty by defendant Robert M Sensi (hm) |
| 68 | *04/07/1995* PLEA Agreement as to Robert M Sensi (hm) |
| 69 | *04/07/1995* WAIVER of Indictment by defendant Robert M Sensi (hm) |
| 70 | *04/07/1995* WAIVER of Jury by defendant Robert M Sensi (hm) |
| 71 | *04/12/1995* SUBPOENA Returned Unexecuted upon John Fitzgerald (hm) |
| 72 | *04/12/1995* SUBPOENA Returned Executed upon William Norman on 2/10/95 (hm) |
| 73 | *04/12/1995* SUBPOENA Returned Executed upon Maribel Mena on 7/19/94 (hm) |
| 74 | *04/12/1995* SUBPOENA Returned Executed upon Nicolas Ebinimi on 2/17/95 (hm) |
| 75 | *04/12/1995* SUBPOENA Returned Executed upon Antonio Espinal on 2/14/95 (hm) |
| 76 | *04/12/1995* SUBPOENA Returned Executed upon Monica Aliaga on 2/14/95 (hm) |
| 77 | *04/12/1995* SUBPOENA Returned Executed upon Monica Aliga on 7/19/94 (hm) |
| 78 | *04/12/1995* SUBPOENA Returned Executed upon Maribel Mena on 2/13/95 (hm) |
| 79 | *04/12/1995* SUBPOENA Returned Executed upon Frank Nadler on 2/16/95 (hm) |
| 80 | *04/12/1995* SUBPOENA Returned Executed upon Roland Woschny on 2/16/95 (hm) |
| 81 | *04/12/1995* SUBPOENA Returned Executed upon Jan Howard on 2/24/95 (hm) |
| 82 | *04/12/1995* SUBPOENA Returned Executed upon Kerstin Woschny on 2/16/95 (hm) |
| 83 | *04/12/1995* SUBPOENA Returned Executed upon Billy Ray Russell on 3/2/95 (hm) |
| 84 | *04/12/1995* SUBPOENA Returned Executed upon Mark Nickle on 2/21/95 (hm) |
| 85 | *04/12/1995* SUBPOENA Returned Executed upon Mary Gainer on 2/14/95 (hm) |
| 86 | *04/12/1995* SUBPOENA Returned Executed upon Tamara Winker on 2/17/95 (hm) |
| 87 | *04/12/1995* SUBPOENA Returned Executed upon Judy Jensen on 2/10/95 (hm) |

| | |
|---|---|
| 89 | *04/12/1995* SUBPOENA Returned Executed upon Tina Onken on 2/10/95 (hm) |
| 90 | *04/12/1995* SUBPOENA Returned Executed upon John Osborne on 2/10/95 (hm) |
| 91 | *04/12/1995* SUBPOENA Returned Executed upon Delories Hensley on 2/10/95 (hm) |
| 92 | *04/12/1995* SUBPOENA Returned Executed upon Loretta Riley on 2/10/95 (hm) |
| 93 | *04/12/1995* SUBPOENA Returned Executed upon Antonio Espinal on 7/20/94 (hm) |
| 94 | *04/12/1995* SUBPOENA Returned Executed upon Shirley Talbott on 2/16/95 (hm) |
| 95 | *04/12/1995* SUBPOENA Returned Executed upon Nanette Bilyeu on 2/10/95 (hm) |
| 96 | *04/12/1995* SUBPOENA Returned Executed upon Paul Patrick on 2/23/95 (hm) |
| 97 | *04/12/1995* SUBPOENA Returned Executed upon Sheila M. Fugett on 2/23/95 (hm) |
| 99 | *06/07/1995* ENTER ORDER by Honorable Timothy D. Leonard sentencing hearing Thursday, 7/20/95 at 9:30am as to dft Peter I. Philips (cc: all counsel) (hm) |
| 100 | *06/14/1995* NOTICE of Disclosure of Presentence Report as to defendant Robert M Sensi by USPO Darlene Lampton (hm) |
| 101 | *06/15/1995* ENTER ORDER by Honorable Timothy D. Leonard sentencing hearing Thursday, 7/27/95 at 9:30am, Ctrm No. 503 5th floor as to dft Robert M. Sensi (cc: all counsel) (hm) |
| 102 | *06/27/1995* OBJECTIONS by defendant Robert M Sensi to pre-sentence report [100-1] (hm) |
| 103 | *07/19/1995* ENTER ORDER by Honorable Timothy D. Leonard sentencing hearing Wednesday, 7/26/95 at 9:30am Courtroom 503 on the 5th floor as to dft Peter I. Philips (cc: all counsel) (hm) |
| 109 | *07/26/1995* ORDER by Honorable Timothy D. Leonard granting plf's motion for order rescinding restraining order [108-1] (cc: all counsel) (hm) |
| 110 | *07/27/1995* SENTENCING COURTROOM MINUTES: before Honorable Timothy D. Leonard sentencing Robert M Sensi (2) count(s) 1s. Dft is sentenced to custody of Bureau of Prisons 18 months; Dft ordered to pay restitution in the amt of $20,000.00 due immediately; S/A fee $50.00 due immediately; dft Robert M. Sensi apprs in person with ct apptd cnsl Richard Anderson, plf's cnsl Jim Robinson, Mary Smith and Nicole Healy; probation rpt reviewed by cnsl and dft; SR for 3 yrs; dft to rpt in person to the USPO in the district to which released w/i 72 hrs of release fm custody of BOP; dft to obey all local, state and federal laws; dft to comply with standard conditions that have been adopted by this court; dft not possessa firearm or destructive device; special condition dft to pay restitution to IRS for the benefit of the victims; fine is hereby waived due to dft's inability to pay such fine; in lieu of fine, dft to perform 208 hrs community service during term of SR as directed by USPO; dft advised of right to appeal & to appeal IFP; execution of sentence stayed until 12:00 noon on Monday, 8/21/95 at which time dft's ct appr bond will be exonerated; dft to remain on present bond until he rpts to designated prison by agreement of govt; party Robert M Sensi (cc: all counsel) (hm) |
| 111 | *07/27/1995* ORDER OF DISMISSAL by Honorable Timothy D. Leonard dismissing counts as to Robert M Sensi (2) count(s) 1, 2 , 5 , 7 -9 . That the Indictment returned October 5, 1994 as to dft Robert M. Sensi is dismissed (cc: all counsel) (hm) |
| 112 | *08/04/1995* MOTION AND BRIEF IN SUPPORT to amend restitution order of judgment of conviction by USA as to Robert M Sensi (hm) |
| 114 | *08/04/1995* JUDGMENT and Commitment Order for defendant Robert M Sensi by Honorable Timothy D. |

| 117 | *08/15/1995* ORDER by Honorable Tim Leonard finding the plf's motion to amend restitution order of judgment of conviction as to dft Robert M. Sensi [112-1] moot. (cc: all counsel) (hm) |
|---|---|
| 120 | *08/17/1995* MOTION to extend time to report to Bureau of Prisons by Robert M Sensi (hm) |
| 121 | *08/18/1995* ORDER by Honorable Tim Leonard granting dft Robert Sensi's motion to extend time until Saturday, 9/2/95 to surrender to the designated place of confinement or the USM in the WD/OK; the currecnt conditions of release remain in full force and effect [120-1] (cc: all counsel) (hm) |
| 116 | *08/21/1995* CLERK'S LETTER re: service of Notice of Appeal, with copy of letter, Notice of Appeal and docket sheet as preliminary record mailed to CCA and counsel (FE) |
| 124 | *09/08/1995* ORDER by Honorable Robin J. Cauthron granting dft Peter I. Philips' motion for transcript of entry of guilty plea, motion hearings and sentencing hearing [118-1] (cc: all counsel) (hm) |
|  | *09/19/1995* TRANSCRIPT of hearing on bond review, 10-14-94, LaGrow, CSR (FE) |
|  | *09/19/1995* TRANSCRIPT of sentencing hearing, 7-26-95, LaGrow, CSR (FE) |
| 125 | *09/20/1995* JUDGMENT and Commitment Order returned executed as to Robert M Sensi 9/2/95 to Satellite Camp, Ashland KY (hm) |
| 126 | *09/27/1995* CLERK'S letter to CCA and counsel advising all transcripts have been received, 2 volumes, LaGrow, CSR, and the record on appeal is ready to transmit. (FE) |
| 128 | *09/27/1995* ENTER ORDER by Honorable Tim Leonard: On 9/20/95 the J&C was ret exec as to dft Robert M. Sensi and indicates that dft timely reported to the Satellite Camp in Ashland, KY on 9/2/95 in order to begin his sent of confinement as imposed by this court; the ct file also reflects that the amt of $5,000.00 was deposited into the registry of the ct in connection with the appr bond initially filed in the USDC for the ED/VA on 9/20/94; at this time, the ct finds that it is appropriate for the surety on the bond to be exonerated pursuant to FRCP 46(f); the clerk is dir to return the amt of $5,000 to the USDC for the ED/VA to be released as provided in Rule 46(f). (cc: all counsel) (hm) |
|  | *09/28/1995* TRANSCRIPT of proceedings had on 7-29-94, motion hearing, Crawford, CSR (FE) |
|  | *09/28/1995* TRANSCRIPT of proceedings had on 12-19-94, Bond hearing, Crawford, CSR (FE) |
|  | *09/28/1995* TRANSCRIPT of proceedings had on 4-7-95, change of plea, Crawford, CSR (FE) |
| 127 | *10/06/1995* CLERK'S letter to CCA and counsel advising all transcripts have been received, 3 volumes, Crawford, CSR, and the record on appeal is ready to transmit. (FE) |
| 132 | *10/24/1995* CLERK'S letter transmitting Record on Appeal to CCA [115-1], 8 volumes, with copy letter and docket sheet as index to counsel (FE) |
| 135 | *03/26/1997* CCA'S cpy of ltr advise they rec'd notice the petition for rit of cert was denied by an ord of the supreme court on 3-17-97 (FE) |
| 137 | *04/30/1997* NOTICE OF POST CONVICTION FILING NOTIFICATION as to dft Peter I Philips by Deputy Clerk (CIV 97-714) (ch) |
| 142 | *06/02/1997* ORDER by Honorable Tim Leonard denying dft Peter I. Philips' motion pursuant to 28:2255 to vacate, set aside, or correct sentence by a person in federal custody [136-1] (cc: all counsel) (hm) |
| 143 | *06/02/1997* JUDGMENT by Honorable Tim Leonard: Pursuant to the order issued on this date, this action is dismissed regarding dft Peter I. Philips (cc: all counsel) (hm) |

| | |
|---|---|
| 139 | *10/06/1997* ENTER ORDER by Honorable Tim Leonard re government is directed to respond to petitioner Peter Phillips "Petition for Writ Mandamus to Release Property of Person in Federal Custody" filed 9/25/97 no later than 10/24/97 [138-1] (cc: all counsel) (ch) |
| 141 | *05/07/1998* ORDER by Honorable Tim Leonard re upon consideration of dft Peter Philips's request and the government's response, the Court orders that Items 1,5 and 6 as described by dft, shall be turned over to the United States Marshals Service for immediate delivery to dft [138-1] (cc: all counsel) (ch) |
| 144 | *04/05/2001* APPEARANCE of Attorney for USA by Kerry A Kelly (hm) |