

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

July 24, 2026

**BY ECF AND EMAIL**
The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

> Re:   *United States v. Paul Campo*, 25 Cr. 663 (PGG)

Dear Judge Gardephe:

The Government respectfully writes in opposition to defendant Paul Campo's motion for temporary release from custody.  Although the Government is sympathetic to the loss that the defendant and his family have recently experienced in the death of his mother, the defendant has identified no basis on which the Court should grant his release under the Bail Reform Act.  The Government has conferred with Pretrial Services, which also opposes the defendant's release, as they did at his presentment.

As background and as the Court is aware, the defendant, a former high-level official at the Drug Enforcement Administration ("DEA"), was a critical member of a wide-ranging scheme to assist a violent and powerful Mexican drug cartel, the Jalisco New Generation Cartel, a/k/a Cartel de Jalisco Nueva Generacion or CJNG, which is a designated Foreign Terrorist Organization.  On December 5, 2025, the defendant was arrested after being charged with narcoterrorism and narcotics conspiracies, in violation of 21 U.S.C. §§ 960a and 846, respectively; conspiracy to provide material support to a designated terrorist organization, in violation of 18 U.S.C. § 2339B; and money laundering conspiracy, in violation of 18 U.S.C. § 1956(h).  On the same date, the defendant appeared before the Honorable Robert W. Lehrburger, United States Magistrate Judge for the Southern District of New York.  After a contested detention hearing, Judge Lehrburger remanded the defendant who has remained detained in the custody of the United States Marshals Service at the Metropolitan Detention Center ("MDC") pending trial.  In doing so, Judge Lehrburger found that no conditions could reasonably assure the appearance of the defendant and the safety of the community, primarily citing the incredibly serious nature of the charges, the strength of the evidence, the defendant's career with the DEA and specifically the expertise that he developed and then applied to the scheme at issue, and the defendant's access to resources that could facilitate his flight.[1]

---

[1] Moreover, where, as here, there is probable cause to believe that the defendant committed an offense under the Controlled Substances Act for which the maximum term of imprisonment is ten years or more, subject to rebuttal by the defendant, "it shall be presumed that no condition or

July 24, 2026
Page 2 of 2

At bottom, and as Pretrial Services agrees, there is no basis for the Court to disturb the remand decision of Judge Lehrburger.  To be sure, as stated above, the Government is sympathetic to the circumstances and the loss of the defendant and his family.  However, even if it were warranted, it is not viable for the defendant to be released to attend the funeral, especially on such short notice.  In short, such a custodial excursion from the MDC would place Pretrial Services in an untenable position where its personnel would be unable to meaningfully monitor the defendant's whereabouts across several districts.[2]  With that said, as already communicated to counsel for the defendant, the Government is certainly prepared to help facilitate the defendant's communications with his family members on the day of the funeral from the MDC and will work to ensure that those communications occur in a manner that is respectful of the occasion.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:    _____
Varun A. Gumaste
Assistant United States Attorney
Tel: (212) 637-1023

Cc:    Counsel of Record (by ECF)

---

combination of conditions will reasonably assure the appearance of [a defendant] as required and the safety of the community."  18 U.S.C § 3142(e)(3)(A).  This presumption also applies where, as here, there is probable cause to believe that the defendant committed offenses related to the provision of material support to terrorist organizations and narco-terrorism.  18 U.S.C § 3142(e)(3)(C).  The presumption of remand "reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial."  *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010).

[2] Because the funeral is to take place in Rhode Island, Pretrial Services would have to request courtesy supervision from the District of Rhode Island and the other districts in between the Southern District of New York and the location of the services.  This would not allow for adequate continuous electronic monitoring for the duration of the defendant's proposed release.